UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY E. BRANDON,

     Plaintiff,

v.                        Case No:     8:15-cv-798-T-DNF

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____

**<u>OPINION AND ORDER</u>**

     Plaintiff, Nancy E. Brandon, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed legal memoranda in support of their positions. After review of the record and the parties' filings, the Court finds that the decision of the Commissioner is due to be **REVERSED AND REMANDED** pursuant to 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.**  **Social Security Act Eligibility**

     The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B.  Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence."  *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case.  42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that she is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled.  20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If she meets this burden, she will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work.  *Id.*  At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work.  20 C.F.R. §§ 1520(a)(4)(iv), 1520(f).  If the claimant can still perform her past relevant work, then she will not be found disabled.  *Id.*

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v).  If the claimant is capable of performing other work, she will be found not disabled.  *Id.*  In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant.  *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d at 1278 n.2.

### C. Procedural History

Plaintiff filed applications for SSI and DIB on November 28, 2011. (Tr. 172-78, 182-83). Plaintiff amended her date of onset of disability to be November 7, 2011. (Tr. 216-17). Plaintiff's applications were denied initially on January 12, 2012, and upon reconsideration on April 3, 2012. (Tr. 101-05, 106-11, 119-23, 124-28). Plaintiff requested a hearing and, on July 18, 2013, a hearing was held before Administrative Law Judge Dores D. McDonnell Sr. (the "ALJ"). (Tr. 31-53). On August 23, 2013, the ALJ entered a decision finding that Plaintiff is not disabled. (Tr. 18-30). Plaintiff requested review of the ALJ's decision and the Appeals Council denied review on February 6, 2015. (Tr. 1-6). Plaintiff initiated this action by filing a Complaint (Doc. 1) on April 2, 2015.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 7, 2011, the alleged onset date. (Tr. 20). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease and lumbar spine spondylosis. (Tr. 20). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 22).

Before proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to

> perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant remains able to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. The claimant remains able to stand or walk, off and on, for a total of approximately 6 hours in an 8-hour day with sitting occurring intermittently during the remaining time. The claimant must avoid climbing ladders, ropes, or scaffolds. She can hear, understand, learn, remember and carry out simple routine and complex work instructions, and deal with routine changes in a work setting on a sustained basis. She can sustain attention and concentration sufficiently to be productive and to complete an 8 hour workday and 5 day workweek. She can respond appropriately to supervision and interact appropriately with co-workers, supervisors and the general public. She can be aware of common hazards in the workplace and take appropriate precautions.

(Tr. 22). At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a field technician, field inspector, and technical inspector as this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 25). The ALJ proceeded in the sequential evaluation process to step five and made the alternative finding that the Grids directed a finding that Plaintiff is not disabled. (Tr. 25). The ALJ acknowledged that Plaintiff did not have the RFC to perform a full range of light work, but found that her additional limitations have little or no effect on the occupational base of unskilled light work. (Tr. 25). The ALJ concluded that Plaintiff was not under a disability from the November 7, 2011, her alleged onset date, through the date of the ALJ's decision, August 23, 2013. (Tr. 26).

## II.    Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ erred in evaluating the medical opinions and (2) whether the ALJ erred in his finding that Plaintiff's past relevant work as it was generally and actually performed was within the ALJ's RFC assessment. The Court begins with whether the ALJ erred in evaluating the medical opinions.

Plaintiff argues that the ALJ erred in his evaluation of the medical opinions, specifically the opinions of Dr. Chaumont, Dr. Herson, Dr. Rao, and Dr. Renny.  Defendant contends that the ALJ properly considered all of the relevant evidence, including the records and opinions of the physician who opined Plaintiff's functional capacity.

The record indicates that Dr. Chaumont and Dr. Herson provided pain management treatment to Plaintiff following her work injury in 2005.  Jorge Chaumont, M.D., treated Plaintiff from 2007 to 2010.  (Tr. 505-16).  In June 2010, Dr. Chaumont opined that Plaintiff was limited to walking and standing no more than four hours based on Plaintiff's subjective complaint of difficulty with doing so.  (Tr. 506).  Dr. Chaumont also opined that Plaintiff was limited to lifting twenty pounds occasionally and ten pounds repetitively, and to no twisting, stooping, bending, kneeling, climbing, or repetitive walking up slopes over 25 degrees.  (Tr. 506-07).

Pain management physician David Herson, M.D., treated Plaintiff from June 2012 to May 2013.  (Tr. 415-22, 427).  During the course of treatment, Dr. Herson opined that Plaintiff was limited to no lifting over twenty pounds, no stooping, and no crawling.  (Tr. 421).  Dr. Herson reiterated these limitations during a deposition in September 2012.  (Tr. 431).  Dr. Herson testified that he agreed with Dr. Chaumont's opinion that Plaintiff was limited to no lifting over twenty pounds occasionally and ten pounds repetitively, and no twisting, stooping, bending, kneeling, climbing, no cumulative walking over four hours per day, and no repetitive walking up slopes over 25 degrees.  (Tr. 432).  After his deposition, Dr. Herson continued to opine in his treatment notes that Plaintiff was limited to no lifting over twenty pounds, no stooping, and no crawling.  (Tr. 415, 420).

In his opinion, the ALJ accorded "some weight" to the opinions of Drs. Chaumont and Herson.  (Tr. 24).  The ALJ explained:

> The lifting restrictions noted by these physicians are consistent with the claimant's history of injury and chronic pain.  However, no weight was accorded to the portion of their opinions concerning twisting, stooping, bending, kneeling, climbing, crawling, squatting standing, walking, and position changes since those limitations are inconsistent with Dr. Herson's progress notes.  As discussed earlier, Dr. Herson noted the claimant's 5/5 motor strength, normal gait, no tenderness, and negative straight leg raising tests.  Moreover, Dr. Herson advised the claimant to actually increase walking for exercise and weight loss (Exhibit 9F).

(Tr. 24).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011).  Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

If an ALJ concludes that a treating physician's medical opinion should be accorded less than substantial or considerable weight, "good cause" must be shown for discounting it. *Lewis v. Callahan*, 125 F. 3d at 1440. "The Eleventh Circuit has concluded that "good cause" exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004 Failure to clearly articulate the reasons for giving less or no weight to a treating physician's medical opinion is reversible error. *Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997).

In this case, the Court finds that the ALJ erred in his decision to accord no weight to Dr. Chaumont and Dr. Herson's opinions concerning twisting, stooping, bending, kneeling, climbing, crawling, squatting standing, walking, and position changes.  As treating physicians, Dr. Chaumont and Dr. Herson's opinions were entitled to substantial weight unless the ALJ provided good cause for discounting them.  The Court finds the reasons offered by the ALJ for his decision to discount these opinions do not constitute "good cause."

The first reason given by the ALJ was that the limitations opined by Dr. Chaumont and Dr. Herson were inconsistent with Dr. Herson's progress notes, specifically his findings that Plaintiff had 5/5 motor strength, normal gait, no tenderness, and negative straight leg raising tests.  (Tr. 24). The fact that Dr. Herson's physical findings on examination were benign does not detract from his opinion as to Plaintiff's work limitations.  During his deposition, in response to a question asking whether a patient who exhibiting five of five motor strength in both upper extremities, and the ability to tiptoe, heel and tandem walk, would not have much in the way of functional limitations, Dr. Herson explained:

> I don't think that's correct because demonstrating it in an office and walking a couple of hundred yards or running on the soccer field is not the same thing.  I mean, I can touch my toes in the office.  I can touch my toes right now.  I can do everything now, but I can't run three miles around the field, not at this point.
>
> So I think -- I think it's -- you know, I think all of these things are important, and that's why we do MRIs.  If we -- if every patient had to have specific findings on physical exam, then there would be no need to do an MRI.  You do everything to get a total picture.

(Tr. 444).  Further, Dr. Herson explained a patient can be fully, one hundred percent strong and have chronic intractable pain.  (Tr. 444).  Dr. Herson and Dr. Chaumont's opinions were not based solely on their physical examination findings, but on MRI results that show disc extrusion at L2-3 flattening the thecal sac, narrowing the right lateral recess, and displacing the L3 nerve root along

with L5-S1 disc protusion flattening the thecal sac and displacing the S1 nerve root.  (Tr. 501).
Dr. Herson explained why his physical examination findings did not contradict his functional
limitation findings.  The ALJ's reliance on this supposed inconsistency to undermine Dr. Herson's
and Dr. Chaumont's opinion is not supported by substantial evidence.

In addition, the ALJ's comment that Dr. Chaumont and Dr. Herson's opinions are
undermined by Dr. Herson advising the claimant to increase walking for exercise and weight loss
does not constitute good cause.  First, as Plaintiff notes and Defendant concedes, Dr. Herson never
advised Plaintiff to *increase* walking.  Instead, Dr. Herson only recommended that Plaintiff
continue walking for exercise and also to swim. (Tr. 415-16, 417, 420, 461, 465).  There is nothing
in this recommendation that undermines Dr. Chaumont and Dr. Herson's opinion that Plaintiff is
limited to no cumulative walking of over 4 hours a day.

Defendant offers numerous arguments in support of the ALJ's decision to accord only some
weight to Dr. Chaumont and Dr. Herson's opinions.  The Court, however, is mindful that it must
not "accept appellate counsel's post hoc rationalizations for agency actions," and "[i]f an action is
to be upheld, it must be upheld on the same bases articulated in the agency's order."  *Baker v.
Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010).  The reasons given by the ALJ to
partially discount the opinions of treating physicians Dr. Chaumont and Dr. Herson do not
constitute good cause.  Accordingly, the Court finds that the ALJ erred in his treatment of the
medical opinions of record.  On remand, the Court will require the ALJ to reevaluate the opinions
of Dr. Chaumont and Dr. Herson and sufficiently explain the weight he accorded each opinion.

As the ALJ's treatment of Dr. Chaumont and Dr. Herson's opinions on remand may alter
his RFC findings, the Court defers from determining whether the ALJ erred in his consideration

of the opinions of Dr. Rao and Dr. Renny and in his findings at step four and five of the sequential evaluation process.

**III.     Conclusion**

The decision of the Commissioner is **REVERSED AND REMANDED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 16, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties